UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUERINO BOUCICAULT, PREVIOUS-EMPLOYEE<br><br>        Plaintiff,<br><br>    -against -<br><br>JEFF BEZOS, CHIEF EXECUTIVE OFFICER; ANDREW R. JASSY, PRESIDENT & CHIEF EXECUTIVE OFFICER; JOHN DOE, LEARNING & DEVELOPMENT TRAINER; AND AMAZON CORPORATION,<br><br>        Defendants. | Civil Action No. 1:25-cv-3757<br><br>**NOTICE OF REMOVAL**<br><br><br>Removed from:<br><br>Supreme Court of the State of New York, County of Richmond<br><br>(Index No. 100036/2025) |

**TO:   THE CLERK AND THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE** that Defendant Amazon.com Services LLC[1] ("Defendant") hereby removes the state court action described herein, filed by Plaintiff Guerino Boucicault ("Plaintiff") in the Supreme Court of the State of New York, County of Richmond, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1446.

Defendant makes the following allegations in support of its Notice of Removal:

**I.  STATE COURT ACTION**

1.      On May 30, 2025, Plaintiff purportedly filed a Complaint against Defendants Amazon Corporation, Jeff Bezos, Andrew Jassy, and a John Doe Defendant in the Supreme Court of the State of New York, County of Richmond, captioned *Guerino Boucicault v. Jeff Bezos et*

---

[1] Defendant Amazon.com Services LLC is incorrectly named as Amazon Corporation in the Complaint.

*al.,* designated Index No. 100036/2025 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), copies of the Summons and Complaint are collectively annexed hereto as **Exhibit A**. On June 16, 2025, Plaintiff served the Summons and Complaint. *See* Affidavit of Service, annexed hereto as **Exhibit B**. Plaintiff's Complaint asserts causes of action under "Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*," the "U.S. Constitution," "Federal Employment Labor Laws," "New York State and Federal Labor Laws," and "EEOC laws and policies." **Exhibit A**, ¶¶ 11, 16, 18-19.

## II.  TIMELINESS OF REMOVAL

2.      The Summons and Complaint were served on Defendant's registered agent for service of process in the state of Washington.  *See* **Exhibit C**. Removal is timely under 28 U.S.C. § 1446(b), as this Notice of Removal is being filed within thirty (30) days of Plaintiff's service upon Defendant.

## III.  VENUE

3.      The State Court Action was filed in the Supreme Court of the State of New York, County of Richmond. Venue properly lies in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1441(a).

## IV. FEDERAL QUESTION JURISDICTION

4.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5.      Plaintiff's Complaint asserts claims arising under "Federal Employment Labor Laws," alleges that Defendants are in violation of the "EEOC's [the federal Equal Employment Opportunity Commission's] protected laws and policies," and seeks "general and punitive damage

[sic], as a private right, required by New York and Federal Laws." *See* **Exhibit A**, ¶¶ 18-19.

6.      By raising claims under federal employment laws, Plaintiff's Complaint asserts federal questions pursuant to 28 U.S.C. § 1331.

7.      This Court may exercise supplemental jurisdiction over Plaintiff's New York state law claims. Federal courts may exercise supplemental jurisdiction over non-federal claims if they "form part of the same case or controversy" as claims that are properly within the jurisdiction of the federal court. *See* 28 U.S.C. §1367(a).

8.      Each of Plaintiff's claims arises out of his employment with Defendant. Supplemental jurisdiction over Plaintiff's state law claims is proper because Plaintiff's claims are related to Plaintiff's federal claims as they are part of the same case or controversy under Article III of the United States Constitution and because no novel or complex issue of state law predominates. *See* 28 U.S.C. §§ 1441(c) and 1367.

## IV.    DIVERSITY JURISDICTION

### A.  This Court Has Original Jurisdiction

9.      This Court also has original jurisdiction over the State Court Action under the diversity of citizenship statute, 28 U.S.C. § 1332.

10.     "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. *See* 28 U.S.C § 1441(a). Any case that could have been commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, *i.e.*, Plaintiff and Defendant must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

11.    The State Court Action may be removed to federal court under 28 U.S.C. §1332(a)(1) because: (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendant, on the other hand; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.

**B.  The Parties are Completely Diverse**

12.    Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal.

13.    Upon information and belief, at the time of the filing of the Complaint, Plaintiff was a citizen of the state of New York, residing at 32 Northfield Court, Staten Island, New York 10303. **Exhibit A**, ¶ 12; *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed).

14.    For diversity jurisdiction purposes, "the citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC,* 822 F.3d 47, 60 (2d Cir. 2016). Amazon.com Services LLC is a limited liability company organized and existing under the laws of the state of Delaware. Defendant's sole member, Amazon.com Sales, Inc. is a Delaware Corporation with its principal place of business in Seattle, Washington. Therefore, Amazon.com Services LLC is a citizen of Delaware and Washington, and not a citizen of New York. *See* 28 U.S.C. § 1332(c)(1) (stating that a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business).

15.    Plaintiff does not allege the citizenship of Defendants Jeff Bezos and Andrew R. Jassy, and upon information and belief as of the date of this filing, neither have been served with the Summons and Complaint. The docket in the State Court Action does not include an affidavit of service for either Mr. Bezos or Mr. Jassy.

16.     Defendant John Doe is fictitious. Pursuant to § 1441(b)(1), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction.

17.     The citizenship of Defendant Bezos and/or Defendant Jassy are immaterial to determining whether diversity jurisdiction exists, because they are "sham defendants." *See e.g., Allstate Ins. Co. v. Turner*, Index No. 01 Civ. 6973, 2002 U.S. Dist. LEXIS 6022, *6 (Apr. 8. 2002) (holding that, "a plaintiff cannot manipulate the situation by adding a 'sham' defendant -- diversity still will not be complete, no matter who is added as a defendant").

18.     The Second Circuit has adopted a "no possibility" standard in order to determine whether the naming of a non-diverse defendant is sufficient to defeat diversity.  In accordance with this standard, the removing defendant must "demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998); *See In re Fosamax Prods. Liab. Litig.*, No. 09 Civ. 4061, 2009 U.S. Dist. LEXIS 93504, 2009 WL 3109832, at *2 (S.D.N.Y. Sept. 28, 2009) ("Most courts in this district have applied the 'no possibility' standard rather strictly." (footnote omitted)).

19.     In addition, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998) (citations omitted).

20.     The Complaint does not contain a single allegation pertaining to Mr. Bezos or Mr. Jassy, and neither has any connection whatsoever to Plaintiff's employment claims.  Accordingly,

the "no possibility" standard is satisfied and the Court should find that diversity jurisdiction exists.

21.    Accordingly, the parties are citizens of different states and complete diversity exists for the purpose of 28 U.S.C. § 1332.

**C.  The Amount in Controversy Exceeds $75,000**

22.    Pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction also requires the amount in controversy to "exceed[] the sum or value of $75,000, exclusive of interest and costs."

23.    The Supreme Court of the United States has made clear that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure."); 28 U.S.C. § 1446(a) (stating that a defendant seeking to remove a case to a federal court must file a notice of removal "containing a short and plain statement of the grounds for removal").

24.    Here, Plaintiff's own allegations indicate that the amount in controversy exceeds $75,000, as Plaintiff seeks damages from Defendants in the sum of $26,000,000. *See* **Exhibit A**, ¶ 20.

25.    Further, although Defendant submits that Plaintiff is not entitled to any recovery, Plaintiff seeks "general, exemplary, and punitive damages" in this action. *See id*.

26.    Courts in the Second Circuit have found that the New York State Human Rights Law "entitle[s] a plaintiff to compensatory damages for pecuniary loss as well as pain and suffering" including back pay and front pay. *See Gutierrez v. Taxi Club Mgmt.*, 2018 U.S. Dist. LEXIS 106808 (E.D.N.Y. June 25, 2018).

27.    Jury verdicts in cases involving claims of employment discrimination and

retaliation are regularly well more than the amount in controversy threshold. *See, e.g.*, *Wall v. Charter Commc'ns Inc.*, 2023 WL 7487439 (W.D.N.Y. June 30, 2023) (awarding plaintiff $600,000 on claims that his former employer discriminated against him based on his race and disability); *Pardovani v. Crown Bldg. Maint. Co. et al.*, 2022 WL 20440467 (S.D.N.Y. Nov. 14, 2022) (awarding plaintiff $1,800,000 on claims of retaliation and discrimination against employer); *Perez v. Cnty. of Rensselaer, New York*, No. 1:14-CV-950, 2020 WL 1975069 (N.D.N.Y. Apr. 24, 2020) (awarding plaintiff alleging employment discrimination $30,000 in lost wages and $100,000 for pain, suffering, and emotional distress).

28.    Regarding Plaintiff's emotional distress claims, Courts have explained that claims of severe emotional distress, as Plaintiff claims, could exceed well beyond $100,000. *See Lore v. City of Syracuse*, 670 F.3d 127, 177-78 (2d Cir. 2012). Indeed, awards of emotional distress damages often exceed $100,000 even where the plaintiff claims mental anguish without medical evidence or professional treatment. *See Monette v. Cnty. of Nassau*, No. 11-CV-539 (JFB) (AKT), 2015 WL 1469982, at *20-21 (E.D.N.Y Mar. 31, 2015).

29.    Where punitive damages are legally recoverable, they can be included in the jurisdictional amount for purposes of diversity jurisdiction to satisfy the amount in controversy. *Peoples Club of Nig. Int'l v. Peoples Club of Nig. Int'l — N.Y. Branch*, 821 Fed. Appx. 32, 35 (2d. Cir 2020).

30.    While Defendant denies any liability or that Plaintiff is owed any damages, based on the allegations of damages in the Complaint, including the claimed emotional distress, under 28 U.S.C. § 1446(c)(2), the amount in controversy exceeds the jurisdictional threshold of $75,000.

31.    Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## V.      NOTICE TO PLAINTIFF AND THE STATE COURT

32.      Promptly after filing the Notice of Removal, written notice of this removal shall be given to Plaintiff, pursuant to 28 U.S.C. § 1446(d). Attached hereto as **Exhibit D** is a true and correct copy of the Notice of Removal to Adverse Party, which was served on Plaintiff.

33.      Attached hereto as **Exhibit E** is a true and correct copy of the Notice to the State Court Clerk regarding removal.

34.      By filing this Notice of Removal, Defendant does not waive any objection that it may have as to service, jurisdiction, venue, or any other defenses available to it at law, in equity, or otherwise. Defendant intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

35.      If the Court should be inclined to remand this action, Defendant requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendant an opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

36.      As required by 28 USC § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

## VI.     RELIEF REQUESTED

Defendant respectfully requests that the Court accept this Notice of Removal removing the State Court Action from the Supreme Court of the State of New York, County of Richmond, to the United States District Court for the Eastern District of New York, make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the State Court Action to this Court, and grant Defendant such other and further relief as the Court deems just and proper.

**WHEREFORE,** Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

Dated:  July 7, 2025                          /s/ Eli Z. Freedberg
        New York, New York              Eli Z. Freedberg
                                          LITTLER MENDELSON P.C.
                                          900 Third Avenue, 7th Fl.
                                          New York, New York 10022
                                          212.583.2685

                                          *Attorneys for Defendant Amazon.com Services LLC*